## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RICHARD N. TERRY**

      **Plaintiff**

**v.**                             **Civil Action No.: 14-cv-01197-CKK**

**FIRSTMERIT BANK, N.A.**

      **Defendant**

## MOTION TO DISMISS

1.      Defendant, FirstMerit Bank, N.A., by its undersigned counsel, moves pursuant to F.R.C.P. 12(b)[1] to dismiss this action for failure to state a claim for which relief can be granted, lack of jurisdiction and improper venue.

2.      A Statement of Points and Authorities, which contains a Statement of Material Undisputed Facts, Table Of Cases And Other Authorities and proposed Order are filed herewith.

## LOCAL RULE 7(m) CERTIFICATION

3.      Pursuant to Local Rule 7(m), prior to filing this motion, on September 5, 2014 at 1:11 PM, undersigned counsel called Plaintiff to seek consent to the relief requested herein. Plaintiff did not answer the telephone and counsel left a message on Plaintiff's telephone answering machine. As of the filing of this motion counsel has not heard from Plaintiff. For the purpose of the local rule, it is submitted that Plaintiff does not consent to the relief sought herein.

---

1      To the extent the Court may consider this motion one for summary judgment, because it is supported by facts outside the record, given the lack of clear and simple factual statements in the complaint, Defendant has attempted to comply with Local Rule 7(h) and the Court's standing order for cases assigned to Judge Kollar-Kotelly regarding its statement of material  undisputed facts.

WHEREFORE, Defendant respectfully requests that this Court grant the following relief:

A.      Enter an Order dismissing this case; and

B.      Grant any such relief as its cause may require.

THE FISHER LAW GROUP, PLLC

By: /s/ Jeffrey B. Fisher
     JEFFREY B. FISHER
     DC Bar No. 212308
     *jfisher@first-legal.com*

By: /s/ Martin S. Goldberg
     MARTIN S. GOLDBERG
     DC Bar No. 460159
     9440 Pennsylvania Ave., Suite 350
     Upper Marlboro, MD 20772
     (301) 599-7700
     *mgoldberg@first-legal.com*
     *Counsel for Defendant FirstMerit Bank, N.A.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RICHARD N. TERRY**
  **Plaintiff**

**v.**            **Civil Action No.: 14-cv-01197-CKK**

**FIRSTMERIT BANK, N.A.**
  **Defendant**

## TABLE OF CASES AND OTHER AUTHORITIES

**A.**  **CASES**

1. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
2. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672 (D.C. Cir. 2009)
3. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)
4. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098 (1943)
5. *Williams v. Hot Shoppes, Inc.*, 293 F.2d 835 (D.C. Cir. 1961)

**B.**  **STATUTES**

1. 18 U.S.C. § 472 - 474
2. 28 U.S.C. § 1331
3. 28 U.S.C. § 1332(a)
4. 28 U.S.C. § 1391
5. 28 U.S.C. § 1404
6. 20 U.S.C. §1406

**C.**  **FEDERAL RULES OF CIVIL PROCEDURE**

1. F.R.C.P. 8(a)(1) and (2)
2. F.R.C.P. 10(b)
3. F.R.C.P. 12(b)

**D.**  **FEDERAL RULES OF EVIDENCE**

1. F.R.E. 201

**E.**  **OTHER AUTHORITIES**

1. *Terry v. Dewine, et. al.*, United States District Court for the District of Columbia, Case No. 14-cv-01112-CKK
2. *FirstMerit Mortgage Corporation v. Terry*, Court of Common Pleas for Franklin County, Ohio, Case No. 13CV006485

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD N. TERRY

       Plaintiff

v.                                  Civil Action No.: 14-cv-01197-CKK

FIRSTMERIT BANK, N.A.

       Defendant

STATEMENT OF POINTS AND AUTHORITIES

      Defendant, FirstMerit Bank, N.A., in support of its Motion to Dismiss states as follows:

A.     STATEMENT OF MATERIAL UNDISPUTED FACTS[2]

      1.      On or about July 16, 2014, Plaintiff Richard Terry ("Plaintiff") commenced this action against Defendant FirstMerit Bank, N.A. ("Defendant") with the filing of a complaint in this Court. (Docket No. 1).

      2.      On motion, Defendant's time to file its initial responsive pleading was extended to September 8, 2014. (Docket No. 11).

      3.      This motion is filed as a preliminary motion to dismiss and in a timely manner.

      4.      The complaint fails to allege Plaintiff's state of residence.

      5.      Plaintiff does not allege he is a resident of the District of Columbia.

      6.      Plaintiff resides in the State of Ohio. (Exhibit A- Affidavit of FirstMerit Bank, N.A.).

---

2     Defendant makes this statement, however, Defendant struggles to understand the facts alleged in the complaint.

7.      The complaint fails to allege Defendant's principal place of business.

8.      Defendant submits its principal place of business is in the State of Ohio. (Exhibit A).

9.      The complaint fails to allege that Defendant transacts business in the District of Columbia.

10.     Defendant does not transact business in the District of Columbia. (Exhibit A).

11.     There is a collateral action pending before this court, *Terry v. Dewine, et. al.*, Case No. 14-cv-01112-CKK. (Complaint, page 1). According to the Court docket in that case, Defendant is not a party to said action. The Court is asked to take judicial notice of said case and fact. F.R.E. 201.

12.     Plaintiff is a maker of a Note and a grantor to a mortgage or deed of trust (herein "security instrument") secured by real property located in Ohio, and, said mortgage or deed of trust is the subject of a state court foreclosure proceeding in the State of Ohio. (Complaint page 2, 3).

13.     The complaint does not allege Defendant is the holder of the Note secured by the security instrument.

14.     The complaint does not allege Defendant is a beneficiary to the security instrument or a party to the foreclosure thereof.

## B.      ARGUMENT

## FAILURE TO STATE A CLAIM- F.R.C.P. 12(b)(6)

15.     Plaintiff's Complaint consists of seven (7) pages of unnumbered paragraphs containing rambling and incomprehensible statements and/or legal conclusions, and, fails to identify a cause(s) of action. Defendant submits that since the complaint fails to state a cause

of action, there is no means by which to determine if the alleged facts, to the extent facts are alleged, support a claim.

16.     F.R.C.P. 8(a)(1) and (2) require that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," and, "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule further requires that, "Each allegation must be simple, concise, and direct. No technical form is required," F.R.C.P. 8(d), however, pleadings, "must be construed so as to do justice," F.R.C.P. 8(e), and, "A party must state its claims... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." F.R.C.P. 10(b).

17.     The federal standard for determining whether a complaint fails to state a claim is established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), and, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[3] A plaintiff must demonstrate the claim by a simple and concise statement of the facts supporting an entitlement to relief. *Twombly* at 555, 570; *Iqbal* at 678. The factual allegations must be more than speculative and the court must disregard "labels and conclusions" and "legal conclusions couched as a factual allegation." *Id.*

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal* at 678 citing *Twombly* at 556. As *Iqbal* indicates, "plausibility" lies somewhere between a sheer possibility and a probability of liability. *Iqbal* at 678. When determining plausibility, the court's determination is to be context specific and it is to draw on its judicial experience and common sense. *Iqbal* at 679.

---

3       See also *Atherton v. D.C. Office of Mayor*, 567 F.3d 672 (D.C. Cir. 2009) wherein the *Iqbal-Twombly* standard is applied in this jurisdiction.

18.     Affording the complaint the most liberal reading, the complaint lacks the minimum pleading requirements of F.R.C.P. 8 and fails the *Iqbal-Twombly* standards. The pleading fails to state the basis for this court's jurisdiction. It is far from a simple and plain statement of the claim and is devoid of a known or recognizable basis or entitlement for legal relief. There are no specific factual allegations[4] supporting the complaint[5] and a reasonable inference cannot be drawn as to liability. The complaint fails to place Defendant on notice as to the facts and dispute at issue. The complaint should be dismissed because it is not facially plausible and fails to state a claim.

19.     As best Defendant understands the factual allegations of the complaint,[6] Plaintiff alleges that there is a Note made by Plaintiff to Defendant secured by a security instrument secured by real property located in Franklin County, Ohio. (Complaint, page 2, 3). Plaintiff claims this proceeding is brought to challenge a foreclosure proceeding in Franklin County, Ohio to enforce the security instrument against property secured thereby (Complaint, page 2), and, asserts that Defendant is either not the holder of the subject Note and beneficiary to the security instrument, or, demands Defendant prove its note holder status. Simply stated, the complaint is mislaid against Defendant.

20.     The subject foreclosure action, of which Plaintiff complains herein, is pending before the Court of Common Pleas for Franklin County, Ohio, *FirstMerit Mortgage Corporation v. Terry*, Case No. 13CV006485 (herein "State Action"). (Exhibit B- copy of court docket). The Court's case docket and pleadings can be found at

---

4     If the complaint alleges fraud or mistake, the complete lack of specificity is in derogation of F.R.C.P. 9(b).
5     Because factual allegations are lacking, the Court should not consider the legal conclusions plead as truth. *Iqbal* at 678.
6     Which appears to be some form of debt elimination complaint.

http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ by searching the online public database by party name and/or case number. To the extent said docket and pleadings are a public record, the Court is asked to take judicial notice of them. F.R.E. 201. Therein, an order (Exhibit C) was entered on or about June 9, 2014 determining the rights of the parties. "FirstMerit Mortgage Corporation"[7] is the plaintiff therein. Herein, Plaintiff, Richard Terry, is the defendant in the State Action. The State Action order, which is adverse to Plaintiff herein, found FirstMerit Mortgage Corporation, not Defendant herein, the holder of the subject Note and beneficiary to the Security Instrument. Accordingly, issues of noteholdership or ownership have been adjudicated and no claim can be asserted. Further, based on said ruling, Plaintiff fails to state a cause of action against Defendant as it does not have an interest under the Note or security instrument. To the extent the complaint raises issues regarding foreclosure of the security instrument and/or the Note or collection thereon, those are matters for state court consideration.

21.     As to the collateral action pending before this Court, the complaint generically alleges rulings in that case will have bearing on this case. Because the complaint is devoid of facts in support of the assertion, Defendant is at a loss as to how the collateral case has any bearing herein and does not understand that which Plaintiff attempts to claim, allege or the relief sought.

22.     The complaint alleges this case somehow involves an Internal Revenue Service matter and debt cancellation but the complaint is devoid of facts supporting the allegation. Again, Defendant does not understand that which Plaintiff attempts to claim, allege or the relief sought.

---

7     "FirstMerit Mortgage Corporation" is a separate legal entity from Defendant "FirstMerit Bank, N.A." (Exhibit A).

23.     Defendant submits the complaint does not even rise to a level of "sheer possibility" noted in *Iqbal* as a minimum floor to plausibility and thus it cannot satisfy the *Iqbal-Twombly* plausibility standard. Even if the Court finds "sheer possibility" of a claim, Defendant submits the court cannot draw reasonable inference that Defendant is liable for the misconduct alleged. Accordingly, this case should be dismissed for failure to state a claim.

**LACK OF JURISIDICTION**

24.     Federal district courts have original jurisdiction over, "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, when controversies involve claims in excess of seventy five thousand dollars ($75,000.00) and there is diversity among the parties. 28 U.S.C. § 1332(a).

25.     As best the complaint is understood, this action is based on an Ohio state law claim. Federal courts have the discretion to abstain from considering state law matters under consideration by state courts when sound public policy requires abstention. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098 (1943); see also *Williams v. Hot Shoppes, Inc.*, 293 F.2d 835 (D.C. Cir. 1961).[8] Herein, assuming Plaintiff raises non-specific issues regarding the security instrument or Note or collection or foreclosure thereunder. This Court should abstain from reviewing the matter and defer to the Ohio state court(s) in the pending State Action to avoid the potential of conflicting rulings or interpretation of state law.

26.     While the complaint is spiced with reference to federal statue and/or

---

8     "Certainly where Federal courts run the risk of becoming enmeshed in the functions of state administrative bodies vested with the responsibility for developing and applying a continuing state policy, special reasons for abstaining are present. *Burford v. Sun Oil Co.*, 1943, 319 U.S. 315, 63 S.Ct. 1098, 87 L. Ed. 1424..."

*Williams* at 842.

regulation, it does not assert a claim under federal law. The complaint references 18 U.S.C. § 472 - 474, however, said statute is a criminal counterfeiting statute. Plaintiff has no standing to enforce said law and the statute does not provide for a private cause of action.

27.     The complaint demands inspection of an original Note and/or asserts a debt dispute. Those matters are best left for Ohio state courts. However, the State Action order finds Defendant is not the Note holder. Consequently, the complaint is laid against the wrong party and should be dismissed for failing to state a claim.

28.     To the extent the complaint seeks inspection of an original Note, there is no federal cause of action for discovery.

29.     Plaintiff is believed an Ohio resident. (Exhibit A). Plaintiff has not alleged he is a resident of the District of Columbia. Plaintiff has not alleged Defendant has minimum contacts with the District of Columbia and Defendant claims no contact with the District of Columbia. There is no diversity of the parties and this Court should not exercise jurisdiction.

30.     Because the complaint fails to allege claims under federal law and there is a lack of diversity among the parties, the case should be dismissed for lack of jurisdiction.

**IMPROPER VENUE**

31.     Plaintiff is believed an Ohio resident. Defendant does not transact business in the District of Columbia. Accordingly, pursuant to 28 U.S.C. § 1391, venue is

improper and the case should be dismissed.[9]

## C.      CONCLUSION

For the reasons stated herein above, Defendant asserts this action should be
dismissed for failure to state a claim for which relief can be granted, lack of jurisdiction
and lack of venue.

THE FISHER LAW GROUP, PLLC

By: /s/ Jeffrey B. Fisher
    JEFFREY B. FISHER
    DC Bar No. 212308
    *jfisher@first-legal.com*

By: /s/ Martin S. Goldberg
    MARTIN S. GOLDBERG
    DC Bar No. 460159
    9440 Pennsylvania Ave., Suite 350
    Upper Marlboro, MD 20772
    (301) 599-7700
    *mgoldberg@first-legal.com*
    *Counsel for Defendant FirstMerit Bank, N.A.*

---

9       Defendant recognizes this Court may transfer the case to a proper venue when
transfer is "in the interest of justice," 28 U.S.C. §1404, §1406. However, Defendant
submits the complaint fails to state a claim and should be dismissed.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**RICHARD N. TERRY**

      **Plaintiff**

v.                             **Civil Action No.: 14-cv-011197-CKK**

**FIRSTMERIT BANK, N.A.**

      **Defendant**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 8th day of September, 2014, a copy of the attached Motion to Dismiss, Statement of Points and Authorities, supporting exhibits and proposed order were sent by first-class mail, postage prepaid, to:

Richard N. Terry
652 Lytton Court
Gahanna, OH 43230


  /s/ Martin S. Goldberg   
*Martin S. Goldberg*

12