**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICHARD N. TERRY,<br>            Plaintiff<br><br>        v.<br><br>FIRST MERIT NATIONAL BANK,<br>            Defendant | Civil Action No. 14-1197 (CKK) |

**MEMORANDUM OPINION**
(December 17, 2014)

Richard N. Terry, proceeding *pro se*, brought this action against Defendant First Merit National Bank.[1] While the precise nature of the claims in this action is far from clear from the pleadings, Plaintiff appears to challenge actions surrounding the foreclosure of a property in Ohio. *See* Compl. at 2. Presently before the Court is Defendant's [13] Motion to Dismiss. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendant's Motion to Dismiss. The Court concludes that, under the *Rooker-Feldman* doctrine, it does not have jurisdiction over this action effectively challenging a state-court final judgment. The Court also concludes that it has no personal jurisdiction over Defendant. Because the Court has no jurisdiction over any of the claims in this action, the Court

---

[1] The docket lists Defendant as "First Merit National Bank," based on the name that Plaintiff used in his Complaint. *See* Compl. at 1. This appears to be the incorrect name for Defendant. Defendant refers to itself as FirstMerit Bank, N.A. In any event, there does not appear to be any dispute as to Defendant's actual identity.

[2] The Court's consideration has focused on the following documents:
- Original Civil Complaint, ECF No. 1 ("Compl.");
- Motion to Dismiss, ECF No. 13 ("Mot. to Dismiss"); and
- Affidavits in Support of Plaintiff's Claims, ECF No. 16 ("Pl.'s Aff.").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

does not address any of Defendant's arguments pertaining to the merits. The Court DISMISSES this action in its entirety.

## I. BACKGROUND

### A.  Factual Background

The facts of this case are far from clear. At core, this action appears to pertain to the foreclosure of a property in Ohio state court. *See* Compl at 2 ("The matter in general seeks to adequately challenge the foreclosure on a mortgage to the following described property in Franklin County, Ohio"). Plaintiff describes the property in question as "Hunter's Ridge Sec. 8 Lot 507." That description refers to the property with the address, 652 Lytton Ct., Gahanna OH 43230, which is also Plaintiff's address. *See* Compl. at 32, Exhibit "A" to Planned Unit Development Rider. The property was subject to foreclosure in the Franklin County, Ohio, Court of Common Pleas, case number 13 CV 006485, with a judgment of foreclosure issued June 9, 2014. *See* Mot. to Dismiss, Ex. C. Because the Court concludes, below, that it has no jurisdiction over any of the claims in this action and because Plaintiff has not conveyed them in a clear fashion, it is not necessary to recite the facts further at this point. Insofar as the facts of this case are essential to resolving the jurisdictional questions before the Court, the Court presents them below.

### B.  Procedural History

On July 16, 2014, Plaintiff filed this action, proceeding *pro se*. On August 11, 2014, Plaintiff filed a [10] Motion for Immediate Default Judgment. On August 14, 2014, the Court denied Defendant's default judgment motion and granted Defendant's [6] Motion to Extend Time to Respond to Plaintiff's Complaint. Defendant complied with the deadline established by the Court's order, filing their [13] Motion to Dismiss on September 8, 2014. The Court advised

Plaintiff that, if Plaintiff did not respond to Defendant's Motion to Dismiss, the Court may grant the motion as conceded. The Court also advised Plaintiff that, because the motion is supported by facts outside of the complaint, the Court may consider it as a motion for summary judgment and, therefore, Plaintiff is required to rebut Defendant's affidavits with other affidavits or other sworn statements.[3] In response, Plaintiff filed an document titled "Affidavits in Support of Plaintiff's Claims," ECF No. 16 ("Pl.'s Aff."), through which Plaintiff opposes the Motion to Dismiss.[4] Defendant did not file a reply brief.

## II. LEGAL STANDARD

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b), on the grounds that the complaint fails to state a claim, that the Court lacks jurisdiction over the claims against them, and that the United States District Court for the District of Columbia is an improper venue for this action.[5] Moreover, the Court is obligated to assure

---

[3] Ultimately, there is no need to treat the motion as one for summary judgment because the Court concludes that it has no jurisdiction over this action. *See Winston & Strawn LLP v. Law Firm of John Arthur Eaves*, No. 1:13-CV-01940 (JDB), — F. Supp. 2d —, 2014 WL 2598748, at *2 (D.D.C. June 11, 2014); *see also infra*, note 5.

[4] Plaintiff attempted to amend his complaint by filing an amended complaint without an accompanying motion. The Court denied leave to file that amended complaint because it did not comport with the requirements of Federal Rule of Civil Procedure 15(a). The Court informed Plaintiff that

> if Plaintiff seeks to file an amended complaint, Plaintiff must file a motion requesting to do so with the Court. That motion shall include a statement indicating whether the opposing party consents to the amendment and shall include a copy of the proposed amended complaint. In the motion, Plaintiff must also explain the reasons for seeking to amend the complaint, including a description of any of the original claims that [are] now being dropped, any new claims that are now being added, or any claims being modified.

Order, dated November 17, 2014, ECF No. 17. Plaintiff has not subsequently filed an amended complaint.

[5] "Generally, a court must convert a motion under Rule 12 into a Rule 56 motion for summary judgment when it considers matters outside the pleadings. A court need not do so, however, if

itself of its jurisdiction "whether or not the parties challenge it." *Wagner v. Fed. Election Comm'n,* 717 F.3d 1007, 1010 (D.C. Cir. 2013); *accord Fogo De Chao (Holdings) Inc. v. U.S. Dep't of Homeland Sec.*, 769 F.3d 1127, 1138 (D.C. Cir. 2014). Because the Court concludes that it does not have jurisdiction over the claims against Defendant, the Court does not address Defendant's arguments pertaining to the merits of this action.

"Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court begins with the presumption that it does not have subject matter jurisdiction over a case. *Id*. To survive a motion to dismiss pursuant to Rule 12(b)(1), a plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over its claim. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).

When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for asserting personal jurisdiction over a defendant. *See Crane v. N.Y. Zoological Soc'y,* 894 F.2d 454, 456 (D.C. Cir. 1990). To establish that personal jurisdiction exists, the plaintiff cannot rest on bare allegations or conclusory statements but "must allege specific acts connecting [each] defendant with the forum." *Second Amendment*

---

the outside material is considered to determine jurisdictional questions." *Winston & Strawn LLP*, 2014 WL 2598748, at *2 (citations omitted). Because all of the questions that the Court considers are jurisdictional, the Court need not convert the motion to dismiss into one for summary judgment even inasmuch as the Court considers limited materials outside of the pleadings.

*Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001) (internal quotation marks omitted). "To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial[;]" but rather, the plaintiff may "rest her arguments on the pleadings, 'bolstered by such affidavits and other written materials as [she] can otherwise obtain.' " *Urban Inst. v. FINCON Servs.,* 681 F. Supp. 2d 41, 44 (D.D.C. 2010) (quoting *Mwani v. bin Laden,* 417 F.3d 1, 7 (D.C. Cir. 2005)). In the case of a *pro se* plaintiff, although the Court is required to construe the *pro se* complaint liberally, *see Howerton v. Ogletree,* 466 F. Supp. 2d 182, 183 (D.D.C. 2006), "[p]ro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." *Gomez v. Aragon,* 705 F. Supp. 2d 21, 23 (D.D.C. 2010) (citation omitted).

### III. DISCUSSION

As noted above, Defendant moves to dismiss arguing that this Court lacks jurisdiction over Plaintiff's claims against it. It also moves to dismiss for failure to state a claim upon which relief can be granted and for improper venue. In addition, insofar as Defendant has not raised other bases on which to dismiss this action with respect to the absence of subject matter jurisdiction,[6] this Court must raise the issue *sua sponte*. *See NetworkIP, LLC v. FCC,* 548 F.3d 116, 120 (D.C. Cir. 2008) ("Indeed, [federal courts] must raise [the issue], because while arguments in favor of subject matter jurisdiction can be waived by inattention or deliberate choice, [federal courts] are forbidden—as [ ] court[s] of limited jurisdiction—from acting

---

[6] Perhaps responding to a lack of clarity in the Complaint, Defendant offers a variety of jurisdictional arguments for dismissing the claims without clearly delineating those arguments. *See* Mot. to Dismiss at 9-10. Defendant argues that there is no diversity jurisdiction or federal question jurisdiction, and that abstention is warranted pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *Id.* Defendant also suggests that the Court has no personal jurisdiction over Defendant, without framing the argument as explicitly as it might have. *See id.* at 10, ¶ 29.

beyond [their] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.' " *Id.* (quoting *Akinseye v. District of Columbia,* 339 F.3d 970, 971 (D.C. Cir. 2003)).

Generally, courts must evaluate a motion to dismiss for lack of subject matter or personal jurisdiction prior to considering a motion to dismiss for failure to state a claim. *See, e.g., Feinstein v. Resolution Trust Corp.,* 942 F.2d 34, 40 (1st Cir. 1991) ("[C]ourts should ordinarily satisfy jurisdictional concerns before addressing the merits of a civil action."); *Combs v. Bakker,* 886 F.3d 673, 675 (4th Cir. 1989) (finding the district court's decision to first address defendants' Rule 12(b)(6) motion "awkward" and that the "proper course of review" required defendants' Rule 12(b)(2) motion to be considered first). Although this rule need not be mechanically applied, as this Court has previously observed:

> Not only does logic compel initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim—but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdictional and venue questions first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted can be granted with prejudice.

*IMark Marketing Servs., LLC v. Geoplast S.p.A,* 753 F. Supp. 2d 141, 149 (D.D.C. 2010) (quoting *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 221 (2d Cir. 1963)). In view of these considerations, and because this Court concludes that it plainly lacks both subject matter jurisdiction over all claims in this action and personal jurisdiction over Defendant, the Court does not reach Defendant's remaining arguments for dismissal. The Court addresses subject matter jurisdiction and personal jurisdiction in turn.

**A. *Rooker-Feldman* Doctrine Deprives the Court of Jurisdiction**

Among other arguments for dismissal, Defendant argues that the Court ought to abstain from assuming jurisdiction in this case because "Federal courts have the discretion to abstain from considering state law matters under consideration by state courts when sound public policy requires abstention." Mot. to Dismiss at 6 (citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)). But the Court is faced with a more fundamental barrier to asserting jurisdiction: because all claims in this action either challenge an Ohio state court foreclosure decree or are inextricably intertwined with that state-court judgment, the Court concludes that the *Rooker-Feldman* doctrine deprives the court of subject matter jurisdiction over the claims in this action. Even though Defendant did not raise this specific jurisdictional argument,[7] the Court is "obligated to assure [itself] that [subject matter] jurisdiction exists." *Fogo De Chao*, 769 F.3d at 1138.

Under 28 U.S.C. § 1257, the United States Supreme Court has jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State." 28 U.S.C. § 1257. The

---

[7] The Court notes that in a case related to this action, *Terry v. DeWine*, 14-cv-1112 (CKK), which the Court resolves today as well, the Court issued an Order, dated October 14, 2014, ECF No. 15, in which the Court informed plaintiff Lue Cindy Terry that it "question[ed] whether it has jurisdiction over the claims against DeWine because of … the doctrine barring collateral attacks on state-court judgments in federal court," citing the *Rooker-Feldman* doctrine as one reason that the Court may lack subject matter jurisdiction in *that* collateral attack on a state-court foreclosure judgment. The Court ordered plaintiff to show cause "that this Court has jurisdiction against DeWine notwithstanding the cases cited above." Plaintiff's response in that case did not provide any legal arguments about why the cited doctrines did not bar jurisdiction. While the plaintiffs in the two cases are not identical, the links between two cases are sufficient to put Plaintiff in this case on notice. First, the cases are closely related. *See* Compl. at 1 ("This case is directly related to PENDING Case No. 1:14-CV-01112-CKK"). The cases pertain to the same foreclosure judgment of the same property in the same action in the Franklin County, Ohio, Court of Common Pleas (Docket No. 13 CV 006485). Second, the parties are closely linked. They share an address, and the complaint in *Terry v. DeWine* refers to Richard Terry, the Plaintiff in this case, as if he were a plaintiff in that case. *See Terry v. Dewine*, 14-cv-1112, Compl., ECF No. 1, at 1. Although the Court further infers that the two Plaintiffs are spouses or relatives, that inference is not necessary to the Court's conclusion that Plaintiff *in this case* is on notice that the Court may dismiss this case on the basis of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

*Rooker-Feldman* doctrine, a judge-made corollary of section 1257, makes this jurisdiction exclusive. *Lance v. Dennis,* 546 U.S. 459, 463 (2006) (quoting *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983)). The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' " *Id.* at 460 (citations omitted). "The doctrine applies only in 'limited circumstances,' where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Id.* at 466 (citation omitted). Therefore, the *Rooker-Feldman* doctrine bars a federal court from exercising jurisdiction over a claim only if three criteria are met. *See id.* at 462.

First, "[t]he party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment." *Id.* Here, the prior state-court judgment at issue is the foreclosure decree issued against Plaintiff in the Franklin County Court of Common Pleas in the case *FirstMerit Mortgage Corporation v. Terry*, case no. 13 CV 006485. *See* Compl. at 2; Mot. to Dismiss, Ex. at 18-21. Richard N. Terry, plaintiff in this action, and Lue Cindy Terry were the defendants in that state-court foreclosure action. *See* Mot. to Dismiss, Ex. at 18. The first prong of the *Rooker-Feldman* doctrine is satisfied.

Second, "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment." *Lance,* 546 U.S. at 462. Because it is unclear exactly what Plaintiff is claiming in this action, other than generally seeking redress with respect to the foreclosure judgment, it is unclear whether Plaintiff *actually* raised the claims in this action in the foreclosure action. But claims are "inextricably intertwined" with a prior state-court judgment unless their "core" is "independent" of that judgment. *See Stanton v. Dist. of Columbia Court of Appeals,* 127 F.3d 72, 76 (D.C. Cir. 1997); *see also Kenmen Eng'g v. City of*

*Union,* 314 F.3d 468, 476 (10th Cir. 2002) ("[W]e [ask] whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress."). Insofar as the Court can make sense of the complaint, Plaintiff's complaint appears to allege that Defendant's actions with respect to the mortgage in question invalidate the foreclosure decree in the Franklin County Court of Common Pleas. *See* Compl. at 2 ("The matter in general seeks to adequately challenge the foreclosure on a mortgage to the following described property in Franklin County, Ohio"); *id.* at 6-7 (arguing that fraud by Defendant vitiates the mortgage contract and therefore invalidates the foreclosure decree). Far from being "independent" of the Franklin County Court judgment, the "core" of Plaintiff's claims is that the judgment of foreclosure was invalid. Indeed, among other relief, he seeks to overturn that judgment. *See* id. Plaintiff's claims are therefore "inextricably intertwined" with the state-court judgment, satisfying the *Rooker-Feldman* doctrine's second requirement.[8]

The third and final requirement of the *Rooker-Feldman* doctrine is that "the federal claim must not be parallel to the state-court claim." *Lance,* 546 U.S. at 462. A federal claim is parallel to a state-court claim if it is filed after the state-court claim, but before the state court enters judgment. *See Exxon Mobil v. Saudi Basic Indus.,* 544 U.S. 280, 289-91 (2005). Therefore, the *Rooker-Feldman* doctrine deprives a federal court of jurisdiction over a claim only if it was brought in federal court after judgment was entered in a state court. *Id.* In this proceeding, Plaintiff "seeks to adequately challenge the foreclosure on a mortgage to the following described property in Franklin County, Ohio, and legally described as Hunter's Ridge Sec. 8 Lot 507." Compl. at 2. The foreclosure decree was entered on June 9, 2014. *See* Mot. to Dismiss, Ex. at 15

---

[8] Federal claims are independent of state-court judgments when they lodge a federal law challenge to a state rule. *Stanton,* 127 F.3d at 76 ("Applying *Rooker-Feldman* requires us to draw a line between permissible general challenges to rules and impermissible attempts to review judgments."). Plaintiff does not lodge such a challenge here.

(docket of Franklin County Case No. 13 CV 006485).[9] The complaint in this action was filed on July 16, 2014 (and signed by Plaintiff the previous day)—several weeks after the Franklin County judgment issued. A foreclosure decree is "a final judgment of [an Ohio] state court." *In re Hoff,* 187 B.R. 190, 193 (Bankr. S.D. Ohio 1995). Given that Plaintiff filed his complaint in this Court after a final judgment was issued in the state-court foreclosure proceeding, which he seeks to challenge, the federal court claims are not parallel to the state-court proceeding. Defendant's reference to the "pending State Action" in Ohio state court is not to the contrary. While the process of eviction and sale appears to have continued after the filing of this action, there is no dispute that the foreclosure judgment itself – "a final judgment of [an Ohio] state court" – was entered before this action was filed. *In re Hoff,* 187 B.R. at 193.This sequence of events satisfies the *Rooker-Feldman* doctrine's third and final requirement.

The claims in this action meet all three of the *Rooker-Feldman* doctrine's criteria: Plaintiff was a party to the state-court foreclosure proceeding, the claims in this action are inextricably intertwined with that proceeding (if not actually raised in that proceeding), and this action was filed after the state-court final judgment. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims in this action.

**B. No Personal Jurisdiction over Defendant**

In addition to the other jurisdictional defenses that Defendant raises, Defendant suggests that the Court has no personal jurisdiction over it. *See id*. at 10, ¶ 29 ("Plaintiff has not alleged he is a resident of the District of Columbia. Plaintiff has not alleged Defendant has minimum

---

[9] The Court also confirmed the sequence of events by visiting the public docket of the Franklin County Court of Common Pleas. *See* Franklin County Clerk of Court website, http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?cu1q93XzzT432wCeXcTB, last visited December 16, 2014.

contacts with the District of Columbia and Defendant claims no contact with the District of Columbia.); *id.* at 10-11, ¶ 31 ("Defendant does not transact business in the District of Columbia"); *see also* Mot. to Dismiss, Aff. of FirstMerit Bank, N.A., ¶¶ 2-3. The Court notes a defense of personal jurisdiction could be raised more clearly—particularly because personal jurisdiction is waived by a defendant's failure to raise it. *See Buchanan v. Manley*, 145 F.3d 386, 388 (D.C. Cir. 1998). Nonetheless, the Court concludes that Defendant's motion and accompanying affidavit are sufficient to raise this argument for the Court's consideration. While Plaintiff opposed the motion to dismiss through the filing of his Affidavit in Support of Plaintiff's Claims, Plaintiff did not effectively respond to Defendant's arguments with respect to jurisdiction. *See generally* Pl.'s Aff. Even though Plaintiff's response includes a section titled "Affidavit of Jurisdiction," it is difficult to make sense of that section, which seems to reflect fundamental misunderstandings about the role of jurisdiction in the legal system. *See id.* at 2 ("Therefore, defendants do not have sufficient subject matter or territorial jurisdiction to make a proper Motion to dismiss the actions of the Plaintiff with this Court."). In any event, Plaintiff provides no arguments why the Court has jurisdiction over his claims against Defendant. Nonetheless, the Court addresses the substance of Defendant's argument rather than treating it as conceded in the interest of thoroughness.

To determine whether it may exercise jurisdiction over a particular defendant, a court in this district must engage in a two-part inquiry. First, the Court must determine that the relevant District of Columbia statutes authorize either general jurisdiction, D.C. Code § 13-423, or specific jurisdiction, D.C. Code § 13-423. *See GTE New Media Servs., Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1347 (D.C. Cir. 2000); *see also Edmond v. United States Postal Serv. Gen. Counsel,* 949 F.2d 415, 424 (D.C. Cir. 1991) (even when subject matter jurisdiction is predicated

on a federal question, plaintiffs must rely on the D.C. long-arm statute to assert personal

jurisdiction over out-of-district defendants). If a defendant's contacts within the forum are

"continuous and systematic," a court may exercise general jurisdiction over a defendant with

respect to a suit arising out of any subject matter unrelated to the defendant's activities within the

forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415-16 (1984). A

court may exercise specific jurisdiction to entertain controversies based on acts of a defendant

that "touch and concern the forum." *Kopff v. Battaglia,* 425 F. Supp. 2d 76, 81 (D.D.C. 2006)

(citing *Steinberg v. Int'l Criminal Police Org.,* 672 F.2d 927, 928 (D.C. Cir. 1981)). Second, the

court must find that its exercise of jurisdiction comports with the requirements of constitutional

due process. *See GTE New Media Servs.,* 199 F.3d at 1347.

General jurisdiction allows a court to adjudicate any claims brought against a defendant.

*See Steinberg v. Int'l Criminal Police Org.*, 672 F.2d at 929. The D.C. Code grants a District of

Columbia court general jurisdiction over a person who is "domiciled in, organized under the

laws of, or maintain his or its principal place of business in, the District of Columbia." D.C.

Code § 13-422. But Defendant's principal place of business is in Ohio, and Defendant has no

contacts with the District of Columbia. Mot. to Dismiss at 5, 10; *see also* Aff. of FirstMerit

Bank, N.A., at 1. Because Defendant is a federally chartered bank,[10] it does not have any state of

incorporation. *See Am. Nat. Ins. Co. v. JPMorgan Chase & Co.*, 893 F. Supp. 2d 218, 230

(D.D.C. 2012). " '[T]he State closest analogically to the State of incorporation of an ordinary

---

[10] Even if the "N.A" in Defendant's corporate name, FirstMerit Bank, N.A., was not sufficient to indicate that Defendant is a federally chartered bank, as it does, the Court takes judicial notice of the list of national banks provided by the Office of the Comptroller of the Currency. *See* "List of National Banks & Federal Branches and Agencies, as of 11/30/2014," located on website of the Office of the Comptroller of the Currency, http://www.occ.gov/topics/licensing/national-bank-lists/index-active-bank-lists.html, last visited December 16, 2014 (listing FirstMerit bank and noting that it is based in Akron, Ohio).

business is the State in which the federally chartered bank has its main office or maintains its principal place of business.' " *Id.* (quoting *Atherton v. F.D.I.C.*, 519 U.S. 213, 225 (1997). The state in which Defendant has its main office and principal place of business is Ohio, not the District of Columbia. *See* Aff. of FirstMerit Bank, N.A. at 1; *supra note* 10. Indeed, Plaintiff does not allege that Defendant conducts *any* business in the District of Columbia. Defendant is accordingly not subject to general jurisdiction under section 13-422.

Specific jurisdiction arises where a defendant engages in certain kinds of conduct enumerated in the District's long-arm statute. [11] *See* D.C. Code § 13-423(a). A court with specific jurisdiction may only adjudicate those claims that arise out of the conduct that triggered its jurisdiction. *Id*. § 13-423(b). Plaintiff does not specifically allege that Defendant engaged in any of the conduct listed in section 13-423(a). Indeed, there is no connection to the District of Columbia – of any sort – alleged. Moreover, Defendant disclaims any contact with the District of Columbia. *See* Mot. to Dismiss at 10. Because Plaintiff failed to allege any conduct satisfying any of the prongs of section 13-423(a), this Court lacks specific jurisdiction over Defendant.

Even if the Court concluded that the statutory provisions of the D.C. Code supported jurisdiction, this Court could not exercise jurisdiction unless it comported with the requirements

---

[11] The D.C. long-arm statute provides that a District of Columbia court may exercise personal jurisdiction over a person as to a claim for relief arising from the person's (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; (5) having an interest in, using, or possessing real property in the District of Columbia; (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of the contracting, unless the parties otherwise provide in writing; or (7) marital or parent and child relationship in the District of Columbia (subject to certain enumerated conditions). D.C. Code § 13-423.

of due process. The Court concludes that it would not comport with due process. This determination turns on whether a defendant's "minimum contacts" with the District of Columbia establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal citation and quotation marks omitted). Such minimum contacts must arise from some act by which the defendant "purposefully avails" himself of the privilege of conducting activities within the District of Columbia, invoking the "benefits and protections of its laws." *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.,* 480 U.S. 102, 109 (1987). Put differently, the court "must insure that the defendant's conduct and connection with the forum 'are such that he should reasonably anticipate being hauled into court there.' " *Marshall v. Labor & Indus., State of Washington,* 89 F. Supp. 2d 4, 9 (D.D.C. 2000) (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)). Because Plaintiff does not allege that Defendant engaged in any conduct whatsoever in the District of Columbia, there is nothing to suggest that Defendant has purposefully availed itself of the protections of D.C. law. *See Asahi Metal Indus. Co.,* 480 U.S. at 109. Nothing about the underlying events, relating to a foreclosure proceeding in Ohio, would lead this Ohio bank to expect that foreclosing on a property in Ohio would open them to suit in a D.C. federal court.

In sum, Plaintiff has failed to allege facts that would allow this Court to exercise personal jurisdiction over Defendant. As a result, this Court lacks personal jurisdiction over Defendant, and the Court will dismiss the claims against Defendant pursuant to Federal Rule of Civil Procedure Rule 12(b)(2).

Because the Court concludes that all claims against Defendant must be dismissed because of the absence of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and

because the Court lacks personal jurisdiction over Defendant, the Court does not reach other merits-based arguments or jurisdictional bases for dismissing the claims against Defendant, including the argument that there is neither diversity nor federal question jurisdiction over this action.

## V. CONCLUSION

For the foregoing reasons, the Defendant's [13] Motion to Dismiss is GRANTED. The Court concludes that it does not have subject matter jurisdiction over the claims in this action as a result of the *Rooker-Feldman* doctrine and that it does not have personal jurisdiction over Defendant. Accordingly, the Court DISMISSES this action in its entirety. An appropriate Order accompanies this Memorandum Opinion.

Dated: December 17, 2014

                                  /s/
                                COLLEEN KOLLAR-KOTELLY
                                United States District Judge